## VAUGHN v. HERNDON.

### (*Nashville.* December 19, 1891.)

1. BOARDS OF TRADE. *Charter and by-laws of approved.*
   The charter of the Clarksville Tobacco Board of Trade, issued under the general incorporation law of 1875, and the by-laws adopted by that institution pursuant to its charter, authorizing and requiring the settlement of business differences among its members by committees of arbitration appointed for that purpose, is approved by the Court as "wise legislation, that will operate to prevent much needless and expensive litigation, as well as promote the welfare of commerce, if correctly enforced."
   Act construed: Acts 1875, Ch. 142.

2. ARBITRATION AND AWARD. *By committees of boards of trade binding.*
   And the final award of the constituted committees of arbitration duly appointed by such board of trade upon matters of dispute within their jurisdiction, if fairly made, is conclusive upon the parties.

3. SAME. *Same. Rejection of evidence.*
   And the rejection, upon reasonable grounds, of evidence offered before the committee affords no just ground of complaint against the award. The committee must, of necessity, determine as to the competency and weight of the evidence.

FROM MONTGOMERY.

Appeal in error from Circuit Court of Montgomery County.  A. H. MUNFORD, J.

LEECH & SAVAGE for Vaughn.

WM. M. DANIEL for Herndon.

TURNEY, Ch. J.   The Clarksville Tobacco Board
of Trade was chartered by Section 1, Chapter 142,
Acts of 1875.   Pursuant to its powers the board
adopted by-laws.   Among them:

"SEC. 10.   That in addition to the officers of the
board, the following standing committees shall be
appointed and elected:

"The president shall appoint every month a
committee of arbitration consisting of two members,
one of whom shall be a warehouseman, the other
a buyer; these two shall select a third person, to
whom shall be referred all questions of dispute
between members in regard to tobacco matters,
and all questions of claims for damages upon hogs-
heads of tobacco claimed or supposed to be un-
fairly sampled.   This committee shall have power
to order resamples of said disputed hogsheads, or
to employ some responsible person to superintend
said resampling, whether here, in New York,
Baltimore, New Orleans, or any foreign markets,
if they have just reason to believe that the unfair
representation of the hogshead did not occur in
the sample drawn in this market—or shall order
back the hogshead to Clarksville for examination,
upon written demand of the seller of the same.

"If the buyer's claim is substantiated, the seller
shall pay the assessed damages and all expenses

5—7 P

accruing from the error, including express or freight charges, and expenses for resampling. If the claim proves unfounded in justice, the buyer shall bear all expenses as above. No trivial claims, or claims unfounded in justice, shall be entertained or acted upon by the committee.

"Sec. 11. The board shall, at their annual meeting, or as soon thereafter as possible, elect to serve until the first of November following a committee of appeal, consisting of five members, one of whom shall be one of the vice-presidents of the board, who shall act as chairman of said committee. To this committee any member or members may appeal who may feel aggrieved or injured by any decision of the committee of arbitration. Three members shall constitute a quorum of this committee, though all five shall meet upon written request of either of the disputants. The committee of appeal shall have power to confirm the decision of the committee of arbitration, or to reverse the same, and make new decision on the matter in dispute, and shall have all the powers granted to the committee of arbitration.

"All decisions of the committee of appeal shall be considered final, and must be followed by prompt settlement by the losing party.

"Should the losing party appeal to the Courts of law or equity, against the decision of the committee of appeal, then said decision shall be sustained by the whole Tobacco Board of Trade to the extent of all the funds in the treasury and

an assessment upon each member, not exceeding ten dollars per annum.

"SEC. 12. If any member of the committee of arbitration should be interested, either as buyer or seller, in any claim presented before it, he shall notify the president, who shall appoint another member to take his place on the committee of arbitration to act on said claim; and should any member of the committee of appeal find that he is interested in the claim presented before it, or if he should have happened to have been on the committee of arbitration which acted on said claim, he shall notify the president, who shall appoint some other member to act in his place on said claim."

In August, 1890, plaintiffs bought a hogshead of tobacco from the Grange Warehouse, at Clarksville. Claiming that the sample did not properly represent the tobacco, they made demand for reclamation for the loss, sending back from Louisville, Ky., the sample by which they had purchased, and also a sample said to have been taken from the hogshead of tobacco by Inspector Green. The latter sample was tied by a string and without an inspector's seal, but was accompanied by the inspector's certificate. These were put before the arbitration committee, who made an allowance. The warehouse appealed to the committee of appeals. That committee gave their judgment as follows:

"The committee refuses to recognize samples

offered for reclamation coming from places or markets provided with a State or board inspector not bearing the inspector's seal. These samples do not bear the seal of the inspector. When reclamations on parts or parcels of hogsheads are claimed, properly sealed samples are required, together with the certificate of the inspector as to quantity."

No application was made for leave to make additional proof or supply the want in that offered.

The judgment of the committee of appeals was a dismissal of the claims for want of proof to sustain it.

The matter remained in this condition from September 17, 1889, to January 24, 1890, when this suit was brought.

The action of the committee was authorized by the charter and by-laws of the corporation, and was an arbitration of the matters in dispute, submitted to it by the parties in interest, and, so far as this record discloses, was conducted with fairness and in good faith.

The tribunal was necessarily judge of the competency and value of the evidence offered. Its ruling was proper, and in the interest of honesty and fair dealing. It was right to hold that testimony tendered for its consideration should bear such marks of authenticity as would entitle it to *prima facie* credit.

The provisions of the charter and the by-laws thereunder are wise legislation, and will operate to prevent much needless and expensive litigation, as

Vaughn *v.* Herndon.

well as promote the welfare of commerce, if correctly enforced.

The Circuit Court held the parties bound by the award.

The judgment is affirmed.