JACKSON *v.* STATE MUTUAL RODDED FIRE
INSURANCE CO.

1. INSURANCE—CONTRACTS—NATURE OF POLICY—LEGALITY.
   Parties may make such a contract for insurance as they see fit, provided it does not contravene any provision of law.

2. SAME—FIRE INSURANCE—MUTUAL COMPANY—BY-LAWS PART OF POLICY WHERE SO AGREED.
   A policy in a mutual fire insurance company is at all times subject to the articles of association and by-laws of the company, where made so by agreement in the policy.

On effect of award under terms of policy upon mortgagee **not** a party thereto, see note in 25 L. R. A. (N. S.) 740.

3. SAME—ASSIGNMENT OF POLICY—RIGHTS OF ASSIGNEE.

An assignee of a fire insurance policy could claim no greater rights than those of his assignor.

4. SAME—ARBITRATION—MATTERS TO BE ARBITRATED.

A provision in a policy in a mutual fire insurance company that "in case of disagreement with the loser of property insured regarding any matter pertaining to a loss or damage or the payment thereof, said matter in difference shall be determined by arbitration," *held*, to be inclusive of the question of the liability of the company, and not restricted to the question of the amount of damages.

5. SAME — AWARD OF ARBITRATORS FINAL WHERE NOT APPEALED FROM—ESTOPPEL.

Where the assignee of the policy agreed to arbitrate his claim in accordance with the terms of his policy, and failed to appeal to the final arbitration committee, as he had a right to do, from an award denying liability on the ground that the policy was never legally transferred to plaintiff under the by-laws of the insurer, he is precluded from maintaining an action at law on the policy while said award stands unrevoked.

6. SAME — VALIDITY OF AWARD WHERE ARBITRATORS NOT DISINTERESTED.

An objection by plaintiff that an award against him by arbitrators is void because they were members of the company and not disinterested is not tenable where he agreed in the policy that the arbitrators should be members of defendant company; and especially where the arbitration was had at his request.

7. SAME—AWARD BY ARBITRATORS NOT TO BE ATTACKED COLLATERALLY—EQUITY.

An award by the arbitrators may be set aside, if at all, only in a court of equity, and is not open to collateral attack in an action at law.

Error to Oceana; Vanderwerp (John), J.   Submitted October 20, 1921.   (Docket No. 148.)   Decided February 8, 1922.

Assumpsit by S. I. Jackson and W. N. Oursler

against the State Mutual Rodded Fire Insurance Company, Limited, on a policy of insurance. Judgment for plaintiff Oursler. Defendant brings error. Reversed.

*Kinnane, Black & Leibrand,* for appellant.

WIEST, J. Defendant is a mutual fire insurance company. It issued a policy of insurance on a farm barn to Chester R. Hall and wife. The Halls sold the farm to plaintiff Jackson, and Jackson gave a mortgage thereon to plaintiff Oursler. Mr. Hall and Oursler went to the local agent of the company and requested that the policy be transferred to Oursler, and Hall signed the transfer and delivered the policy to Oursler. Oursler paid the agent and requested that the policy be transferred to him and sent to him at his home in Texas. The agent neglected to send the papers to the secretary of the company for approval as provided by the articles and by-laws of the company. Defendant's secretary, having no notice of the sale by the Halls, or of the attempted transfer of the policy by the Halls to Oursler, mailed a notice of assessment to the Halls, and plaintiff Jackson sent defendant his check therefor and inquired by letter whether the policy had been transferred to Oursler. On August 20, 1919, the secretary of the company advised Mr. Jackson that the policy was still in the name of the Halls and if a transfer was wanted the transfer blank on the back of the policy should be filled out and the policy sent to the company for approval. Nothing further was done, and on August 29, 1919, the barn burned.

The defendant denied liability and plaintiff Oursler demanded arbitration under the articles of the company. An arbitration was had and the arbitrators found there was no liability on the part of defendant.

Plaintiffs took no appeal from this determination to the final arbitration committee, but brought this suit in assumpsit upon the policy to recover the loss.

Defendant pleaded the general issue and gave notice thereunder of the proceeding before the arbitrators, and of the award, and that the same was final, and that the plaintiffs could not recover in a suit at law while such award or finding remained unimpeached, and that the plaintiffs' only remedy, within proper time, was in a court of chancery to set aside the award,

At the trial the learned circuit judge directed a verdict in favor of plaintiff Oursler for the insurance on the barn and against plaintiff Jackson, who claimed insurance on the contents of the barn, but who had no transfer of such insurance from the Halls. In directing the verdict the circuit judge expressed his view of the law upon the matter of the arbitration and its effect upon the suit at law, as follows:

"I am also of the opinion that the arbitration, so-called, does not bar recovery. In the first place, I don't believe that it is such an arbitration as is intended by the articles themselves. I am of the opinion that the arbitration there called for is an arbitration when there is a difference of opinion or a difference of claims as to the valuation of the property that has been lost by the fire; that it does not apply to a question of law as to whether there should be any recovery or whether there can be any recovery upon the policy of insurance; that the arbitration intended, therefore, is simply when the parties cannot agree as to the amount of the loss, and in that case the articles provide, under the law and decisions of this State, that the matter can be arbitrated. Further than that, I am of the opinion that the arbitration board was not a disinterested board, as the charter provides that it should be. It appears here by the testimony that the members of that arbitration board were agents of the company, and while the charter does say that they shall be members of the company, that means, to my

mind, policy holders, but it also provides that. they must be disinterested persons, and that agents of the company are not disinterested persons within the meaning of the charter. If that were true, I think the officers of the company—Mr. Whitaker himself might have been one of the arbitrators, provided he was a member of the company, as I suppose he was; but it means disinterested policy holders, and the board was composed of agents of the company, so that the arbitration would not be by a disinterested board. So for both of those reasons I am of the opinion that the arbitration, so-called, does not bar recovery." .

It is axiomatic that parties may make such a contract for insurance as they may see fit provided the same does not contravene any provision of law. The policy was at all times subject to the articles of association and by-laws of the company; made so by agreement on the part of the policy holder, viz:

"I accept this insurance subject to the articles of association and the rules and regulations and by-laws of said company, now in force or that may hereafter be in force."

In no event could Mr. Oursler, as claimed transferee of the policy, claim greater rights than the Halls. There arose a disagreement between the company and plaintiff Oursler and this brought into play the agreed method of settling the same, viz:

"In case of disagreement with the loser of property insured, regarding any matter pertaining to a loss or damage or the payment thereof, said matter in difference shall be determined by arbitration. In case of such disagreement the loser shall notify the secretary in writing of his or her desire to appeal to the arbitration committee, and at the same time deposit $15 with the secretary to apply on his or her share of the expense of such arbitration."

This provision was recognized by plaintiff Oursler, and through his attorney he seasonably made applica-

. 217 Mich.—20.

tion for a hearing before the arbitration committee, and paid $15, the fee required. The articles provide that either party may appeal from the arbitration committee to the final arbitration committee.

No such appeal was taken and the finding made by the arbitrators stands unrevoked and unimpeached. Are the terms of the policy providing that "in case of disagreement with the loser of property insured regarding any matter pertaining to a loss or damage or the payment thereof, said matter in difference shall be determined by arbitration," restrictive in scope to the mere assessment of the damages occasioned by the loss or are the terms inclusive of the question of liability? We are of the opinion that a disagreement between the company and the loser of property insured "regarding any matter pertaining to a loss or damage or the payment thereof," is inclusive of the question of the liability of the company if such is the subject of disagreement.

Plaintiff Oursler did not pursue his remedy by appeal to the final arbitration committee. But this does not help. Certainly the loser cannot take the judgment of the arbitration committee and if it is adverse bring suit at law instead of taking an appeal to the final arbitration committee. The insured having agreed to the method of arbitration and also the arbitrators cannot be heard to say that the award should be ignored on the ground that the arbitrators were members or officers of the company. Undoubtedly arbitrators should be disinterested, but the objection comes too late after contract agreement authorizing members of defendant company to so act, and especially after the arbitration has been had at the request of the one claiming insurance.

If plaintiff Oursler became transferee of the policy he took it subject to all of its terms and provisions and he could not treat the finding of the arbitrators

as void and bring suit at law and there attack such finding collaterally.    Such finding can only be set aside, if at all, in a court of equity.    *Michels* v. *Underwriters' Ass'n*, 129 Mich. 417; *Beam* v. *Macomber*, 33 Mich. 126; *Raymond* v. *Insurance Co.*, 114 Mich. 386; *Early* v. *Ingham Circuit Judge*, 166 Mich. 517; *Early* v. *Tussing*, 182 Mich. 314; *Patrons' Mut. Fire Ins. Co.* v. *Pagenkoff*, 213 Mich. 157; *Bone* v. *Insurance Co.*, 215 Mich. 396; *Palmer* v. *Insurance Co.*, *ante*, 292.

The judgment is reversed, with costs to appellant, and a new trial is granted.

FELLOWS, C. J., and STONE, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.