INNIS *v.* FIREMAN'S FUND INSURANCE CO.

1. INSURANCE — MICHIGAN STANDARD POLICY — RIGHT OF ACTION WHILE AWARD OF APPRAISERS UNREVOKED.

An action at law upon a Michigan standard policy may not be maintained by insured for a loss by fire while an award by appraisers under the provisions of Part 4, chap. 2, § 6, Act No. 256, Pub. Acts 1917, stands unrevoked; his remedy, if any, being in equity to avoid the award.

2. SAME—CONTRACTS—CONSTITUTIONAL LAW—AGREEMENT TO MAKE AWARD OF APPRAISERS BINDING.

Where the legislature prescribes a standard form of insurance policy, fixing therein terms, conditions, obligations, and method of determining liability and procedure to enforce same, insurance thereunder becomes a matter of contract subject to such statutory regulations, and an insured cannot successfully claim that his constitutional right to a jury trial has been thereby taken away.

3. STATUTES — CONSTITUTIONAL LAW — TITLE OF ACT—TRIAL BY JURY.

Plaintiff's contention that Act No. 256, Pub. Acts 1917, is unconstitutional because its title does not indicate the purpose of abrogating the constitutional right of trial by jury is without force, since it is the contract of insurance, and not the statute, which abrogates said right.

4. INSURANCE — AWARD OF APPRAISERS—FAILURE TO STATE SEPARATE ITEMS OF DAMAGE.

Nor may plaintiff maintain an action upon the failure of the appraisers to state separately the sound value and loss or damage of each item of the policy.

Error to St. Clair; Hart (Ray), J., presiding.  Submitted January 31, 1922.   (Docket No. 70.)   Decided March 31, 1922.

Assumpsit by George A. L. Innis against the Fireman's Fund Insurance Company on a policy of insur-

ance. Judgment for defendant *non obstante veredicto.* Plaintiff brings error.    Affirmed.

*John B. McIlwain,* for appellant.

*Phillips & Jenks,* for appellee.

Wiest, J.   This is an action upon a Michigan standard fire insurance policy issued to plaintiff by defendant company and covering household furniture, furnishings, etc.   A fire occurred in the basement of plaintiff's house, and while none of the furniture or furnishings were destroyed a greasy smoke injured the household effects.   Plaintiff presented a schedule of his claimed damages and the adjuster for the company demanded an appraisal of the loss in accordance with the terms and conditions of the policy.   Thereupon the parties agreed upon appraisers and stipulated that their estimate of the damage should be binding.   The appraisers selected an umpire, but his services were not required as the appraisers agreed and made an award as follows:

"We have carefully examined the premises and remains of the property hereinbefore specified, in accordance with the foregoing appointment, and have determined the sound value immediately preceding the fire to have been one thousand dollars, and the loss and damage to be one hundred seventy-four and 46/100 ($174.46) dollars."

Claiming that the award was so inadequate and unjust as to show bias and prejudice and a failure to make due investigation of the facts, that the appraisal and award should be declared void, plaintiff brought this action and upon trial before a jury succeeded in having his damages assessed at $1,000.

By plea and timely objections defendant insisted that plaintiff was bound by the award and could not attack the same except in a court of equity.   The evidence fails to disclose any fraud on the part of the

appraisers.   Upon motion of defendant the trial court entered judgment *non obstante veredicto* in favor of plaintiff for $174.46, that being the amount of the award.   Plaintiff brings the case here by writ of error.

The following questions are presented:

(1) Does the statute make the appraisal and award conclusive and binding upon the parties, precluding an action at law to determine the amount of the loss?

(2) Does the award become conclusive by the parties entering into the appraisal?

(3) Can the validity of the appraisal be inquired into in an action at law or must resort be had to a bill in equity?

It is contended that the statute (Act No. 256, Pub. Acts 1917, pt. 4, chap. 2, § 6), providing that the award of the appraisers shall determine the amount of loss or damage, and that:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the liability shall have accrued,"

does not make the award binding and conclusive and does not preclude an action at law on the policy to determine the amount of the loss.   This is the pivotal question in the case.

The provision of the statute relative to method of determining the loss and consequent extent of liability of the company is meaningless if no one is bound thereby, and the award can be cast aside and an action at law bring the assessment of the loss anew before a jury.   Instead of avoiding litigation this would but stretch it out and the appraisal and award would be no more than a senseless preliminary to a law suit.

We had occasion in the late cases of *Palmer* v. *Insurance Co.*, 217 Mich. 292, and *Jackson* v. *Insurance*

*Co.,* 217 Mich. 301, to pass upon the principle here involved, and we held that the remedy to avoid an award, if any, is in equity and not in an action at law.

Counsel for plaintiff urges that:

"Actions at law on policies of insurance to determine the amount of the loss or any other question arising thereunder are properly triable and only triable in the common law courts with a right to a jury. It is a constitutional right of the assured to have his case so tried. To the extent, therefore, that this act shall be construed to deprive the plaintiff of the right of trial by jury it is unconstitutional and void."

The legislature may prescribe a standard form of insurance policy and fix therein terms, conditions, obligations and method of determining liability and procedure to enforce the same, and when such has been done, insurance thereunder becomes a matter of contract subject to such statutory regulations, and an insured cannot successfully claim that his constitutional right to a jury trial has been taken away. His contract takes away such trial, and if the statute should not so provide the remedy is with the legislature and not the courts.

Plaintiff also contends that the title to the act of 1917 does not indicate the purpose of abrogating the constitutional right of trial by jury, and the act is, therefore, void. As before pointed out the act does not abrogate the constitutional right of trial by jury. Plaintiff's contract of insurance, voluntarily entered into, made binding upon him the lawful and time-honored method of determining his loss or damage as fixed by statute and without trial by jury. This was followed by express agreement, adopting the statutory method and resulting in his obtaining an appraisal of his damages. With such appraisal standing unimpeached he cannot in a suit at law treat the

statutory provision, and his agreement thereunder for appraisal of his damages, as without any determinative or binding force.

The learned circuit judge was clearly right in entering the judgment for the amount of the loss or damage determined by the appraisers. Plaintiff cannot plant any right to maintain this suit upon the failure of the appraisers to state separately the sound value and loss or damage of each item of the policy.

The judgment is affirmed, with costs to defendant.

FELLOWS, C. J., and BIRD, MOORE, and STEERE, JJ., concurred with WIEST, J.

SHARPE, J. (*concurring*). The appraisal agreement referred to by Mr. Justice WIEST provided that the persons named therein—

"shall appraise and estimate, at the true cash value * * * the amount of actual loss and damage caused by fire * * * which appraisement and estimate by them * * * shall be binding upon all parties to this agreement."

In my opinion, the provision for appraisement in the policy was superseded by this agreement and the plaintiff is bound thereby. *Morley* v. *Insurance Co.*, 85 Mich. 210; *Bangor Savings Bank* v. *Insurance Co.*, 85 Me. 68 (26 Atl. 991, 20 L. R. A. 650, 35 Am. St. Rep. 341); Joyce on Insurance, § 3250. Its validity may not be assailed in an action at law on the policy.

As to whether an appraisal made pursuant to the provision of the statute is conclusive of the amount of the loss, I express no opinion.

CLARK, J., concurred with SHARPE, J.

The late Justice STONE took no part in this decision.