**Raymond H. GRANT, Appellant,**

v.

**ATLAS POWDER COMPANY, Appellee.**

No. 12975.

United States Court of Appeals
Sixth Circuit.

Feb. 19, 1957.

Aubrey E. Graves, and Robert L. Denman, Chattanooga, Tenn., for appellant.

John C. Crawford, Jr., Knoxville, Tenn., and C. C. Ridenour, Chattanooga, Tenn., for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant brought this action for damages against appellee for wrongful discharge, claiming breach by the appellee of the terms of its collective bargaining agreement with the Union, of which appellant was a member. By amended complaint he alleged that he had complied with the provisions of the collective bargaining agreement respecting arbitration of grievances and filed as an exhibit a copy of the Arbitration Report. This Report contained the ruling of the arbitrator that appellant's employment was properly terminated under the terms of the labor agreement and the Union's request for his reinstatement without loss of seniority was denied.

The District Judge sustained appellee's motion to dismiss the action. Appellant contends on this appeal that the provision in the collective bargaining contract providing for arbitration of grievances was invalid and did not preclude him from enforcing his claim in court.

Jurisdiction is claimed by reason of diversity of citizenship and the amount involved. However, the complaint does not state the citizenship of either the plaintiff or defendant. Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132; Jones v. Adams Express Co., C.C.E.D.Ky., 129 F. 618. It does not state where the contract of employment was made, or where the appellant was working, in what state the appellee was incorporated or engaged in business, or other facts furnishing a basis for determining the particular state, the law of which is to be applied. Since the action was filed in the Eastern District of Tennessee, we are assuming that the law of Tennessee is applicable.

■ Although an agreement to arbitrate a dispute may be invalid and an arbitrator's award cannot be enforced against one who has withdrawn from the agreement while it is still executory, Key v. Norrod,. 124 Tenn. 146, 136 S.W. 991, it is settled law that where the parties have executed the arbitration agreement by proceeding with the arbitration and obtaining an award, the award is binding, subject to attack for fraud or some vitiating defect in the proceedings. No such attack is made here. Dougherty v. McWhorter, 15 Tenn. 239, 253, 257; Vaughn v. Herndon, 91 Tenn. 64, 17 S.W. 793; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 120–121, 44 S.Ct. 274, 68 L.Ed. 582; Tejas Development Co. v. McGough Bros., 5 Cir., 165 F.2d 276, 279–280.

The judgment is affirmed.