Steven Eugene ROSSA, Plaintiff,

v.

FLYING TIGER LINE, INC., a corporation doing business in this District, Arthur N. Meyer, William E. Bartling, Kenneth E. Henderson, and Vernon L. Wastman, Members of The Flying Tiger Line, Inc., Pilots' System Board of Adjustment, Defendants.

Gen. No. 57 C 1883.

United States District Court
N. D. Illinois, E. D.
June 26, 1958.

387

Harry H. Porter, Marshall J. Auerbach, Evanston, Ill., John B. Lampe, Chicago, Ill., for plaintiff.

Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

IGOE, District Judge.

This cause comes on to be heard on motion of the defendant, The Flying Tiger Line, Inc., for summary judgment. The four individual members of The Flying Tiger Line Inc. Pilots' System Board of Adjustment were also named as defendants in the complaint but none of them has been served and none has appeared. For the purpose of passing upon this motion, the court has considered the facts as to which there is no genuine issue on the basis of the complaint, the answer thereto of defendant, The Flying Tiger Line Inc., plaintiff's reply to the defendant's answer, the affidavit in support of the motion, the answer of plaintiff to the motion, and plaintiff's counter-affidavit in opposition to the motion. In determining whether the facts not in dispute warrant a summary judgment, the court has taken as true all

facts well pleaded in plaintiff's complaint and reply. Having considered the pleadings and affidavits in support of and in opposition to the motion for summary judgment, the briefs filed by the parties and arguments of counsel, the court makes the following findings of fact and conclusions of law.

### Findings of Facts

1. Plaintiff is a citizen of the State of Illinois. Defendant, The Flying Tiger Line Inc. is a corporation incorporated under the laws of the State of Delaware, is doing business in this district, and is a duly licensed, certificated, chartered carrier by air.

2. Plaintiff was employed by defendant, Flying Tiger, as a pilot on or about December 4, 1950 and continued in that employment until he was discharged effective February 28, 1955. He was at all relevant times a member in good standing of the Air Line Pilots Association International, a labor organization, which was at all relevant times the collective bargaining agent under the Railway Labor Act, as amended, 45 U.S.C.A. § 151 et seq., for all pilots employed by defendant, Flying Tiger.

3. A collective bargaining agreement, known as the "Pilots' Agreement", was entered into between the defendant, Flying Tiger, and the Air Line Pilots in the service of The Flying Tiger Line Inc. as represented by The Air Line Pilots Association International on November 23, 1953 which with the exception of certain amendments, effective January 19, 1955, not pertinent here, has been continuously in effect since that time. The provisions of said collective bargaining agreement were applicable to plaintiff's employment as a pilot by defendant, Flying Tiger.

4. Section 17 of the above mentioned collective bargaining agreement reads as follows:

### Investigation and Discipline

A. Hearing:

1. A pilot shall not be disciplined or dismissed from the Company without notification in writing as to any such action, and such pilot shall not be disciplined or dismissed without an investigation and hearing, provided that the pilot makes written request to the Director of Flight Operations for an investigation and hearing within seven (7) days after receiving such notification.

2. Nothing in this Section shall be construed to prevent the Company from holding a pilot out of service prior to written notification of charges preferred against him and such written notification stipulated in Paragraph A–1 of this Section shall be furnished the pilot with expeditiousness not exceeding seven (7) days.

3. Such investigation and hearing shall be held by a junior operating official of the Company designated at the time by the Company for that purpose and shall be held within ten (10) days after the Company receives the written notification from the pilot for an investigation and hearing, as stipulated in Paragraph A–1 of this Section.

4. Prior to such investigation and hearing the Company shall furnish such pilot a copy of the precise charge or charges against him. He shall be given the necessary time, not more than ten (10) days, in which to prepare and to secure the presence of witnesses and shall have the right to be represented by an employee of the Company of his choice or by his duly accredited representative or representatives.

5. Within ten (10) days after the close of such investigation and hearing, the Company shall announce its decision in writing respecting any such discipline, discharge or any other action and shall furnish the pilot, or his duly accredited representative, a copy thereof.

B. Appeal:

1. When a copy of such decision has been received by the pilot, or

his duly accredited representative and such pilot is dissatisfied with the Company's decision, he shall have the right to appeal to the Superintendent of Flight Operations of the Company, provided such appeal request is filed by the pilot in writing with the Superintendent of Flight Operations within ten (10) days from the date of the pilot's receipt of the decision of the investigation and hearing conducted by the junior operating official. Such appeal hearing shall be held within ten (10) days after the receipt of the pilot's request therefor by a senior operating official of the Company designated by the Company for that purpose.

2. Within ten (10) days after the close of such appeal hearing the Company shall announce its decision in writing and shall furnish the pilot, or his duly accredited representative, a copy thereof.

C. General:

1. If any decision made by the Company under the provisions of this Section is not appealed by the pilot affected within the time limit prescribed herein for such appeals, the decision of the Company shall become final and binding.

2. Nothing in this Agreement shall extend the right of investigation and hearing to a co-pilot during his period of probation, as stipulated in Section 6, Paragraph C of this Agreement.

3. If, as a result of any hearing or appeal therefrom as provided herein, a pilot is exonerated he shall, if he has been held out of service, be reinstated without loss of seniority and shall be paid for such time lost in an amount which he would have ordinarily earned had he been continued in service during such period.

4. If, as a result of any hearing or appeal therefrom as provided herein, the pilot shall be exonerated,

his personnel record shall be cleared of the charges.  •

5. When it is mutually agreed that a stenographic report is to be taken of the investigation and hearing in whole or in part, the cost will be borne equally by both parties to the dispute. In the event it is not mutually agreed that a stenographic report of the proceeding shall be taken, any written record available taken of such investigation and hearing made by either of the parties to the dispute shall be furnished to the other party to the dispute upon request, provided that the cost of such written record so requested shall be borne equally by both parties to the dispute.

6. If, after the appeal provisions hereinbefore provided have been complied with, further appeal by the pilot, if made, shall be to the Flying Tiger Line Pilots' System Board of Adjustment as provided for in the "Agreement between The Flying Tiger Line and the Air Line Pilots in the service of the Flying Tiger Line as represented by the Air Line Pilots Association, International, covering the establishment and maintenance of a System Board of Adjustment dated November 21, 1950," provided such appeal is made within thirty (30) days from the date of receipt by the pilot, or his duly accredited representative of the appeal hearing decision of the Company. All submissions to the System Board of Adjustment shall be made in conformity with Paragraph (h) of the Adjustment Board Agreement.

5. On November 21, 1950 the defendant, Flying Tiger, entered into an agreement with the Air Line Pilots in the service of The Flying Tiger Line Inc. as represented by the Air Line Pilots' Association International providing for the establishment and maintenance of a System Board of Adjustment in accordance with and pursuant to the provisions of the Railway Labor Act, as amended,

which agreement has been continuously in effect since that time. Said agreement provides for the establishment and maintenance of a board to be known as The Flying Tiger Line Inc. Pilots' System Board of Adjustment referred to in said agreement as "the board". It provides that the board shall consist of four members, two to be selected by the defendant, Flying Tiger, and two by the Air Line Pilots' Association International. Other pertinent provisions of said agreement read as follows:

(e) The Board shall have jurisdiction over disputes between any employee covered by the Pilots' Agreement and the Company, growing out of grievances or out of interpretation or application of any of the terms of the Pilots' Agreement. The jurisdiction of the Board shall not extend to proposed changes in hours of employment, rates of compensation, or working conditions covered by existing agreements between the parties hereto.

(f) The Board shall consider any dispute properly submitted to it by the President of the Association or by the Division Manager of the division in which the dispute originated when such dispute has not been previously settled in accordance with the terms provided for in the Pilots' Agreement.

(h) All disputes properly referred to the Board for consideration shall be addressed to the Chairman. Five copies of each petition, including all papers and exhibits in connection therewith, shall be forwarded to the Chairman, who shall promptly transmit one copy thereof to each member of the Board. Each case submitted shall show:

1. Question or questions at issue.

2. Statement of facts.

3. Position of employee or employees.

4. Position of Company.

When possible, joint submissions should be made, but if parties are unable to agree upon a joint submission then either party may submit the dispute and its position to the Board. No matter shall be considered by the Board which has not first been handled in accordance with the appeals provisions of the Pilots' Agreement, including the rendering of a decision thereon.

(j) Employees covered by the Pilots' Agreement may be represented at Board hearings by such person or persons as they may choose and designate, and the Company may be represented by such person or persons as it may choose and designate. Evidence may be presented either orally or in writing, or both.

On request of individual members of the Board, the Board may, by a majority vote, or shall at the request of either the Association representatives or the Company representatives thereon, summon any witnesses who are employed by the Company and who may be deemed necessary by the parties to the dispute, or by either party, or by the Board itself, or by either group of representatives constituting the Board.

The number of witnesses summoned at any one time shall not be greater than the number which can be spared from the operation without interference with the services of the Company.

(k) A majority vote of all members of the Board shall be competent to make a decision.

(l) Decisions of the Board in all cases properly referable to it shall be final and binding upon the parties hereto.

6. By letter dated February 25, 1955 defendant, Flying Tiger, discharged plaintiff effective February 28, 1955.

¶Thereafter plaintiff filed a grievance with defendant, Flying Tiger, and requested an investigation and hearing thereon by a letter dated March 5, 1955 addressed to the chief pilot of defendant, Flying Tiger, which letter was drafted for plaintiff by the Legal and Conciliation Department of the Air Line Pilots Association International. Thereafter plaintiff exhausted the remedies provided in Section 17 of the collective bargaining agreement set forth above and then submitted his claim and grievance to the Flying Tiger Line Inc. Pilots' System Board of Adjustment which submission was made on behalf of plaintiff by Clarence N. Sayen, President, Air Line Pilots' Association International by letter dated April 29, 1955 to the Chairman of said System Board. Pursuant to said submission a hearing was held before the said System Board on October 26, 1955 at which hearing plaintiff was present personally and was also represented by an attorney from the Legal and Conciliation Department of the Air Line Pilots Association International.

7. On January 12, 1956 The Flying Tiger Line Inc. Pilots' System Board of Adjustment made its decision in writing and unanimously upheld the discharge of plaintiff and denied his grievance.

8. On November 15, 1957 plaintiff filed his complaint herein in two counts. In his brief in opposition to defendant's motion for summary judgment plaintiff states that his theory in Count I is that of wrongful discharge, first, because of an absence of just cause, and second, by his showing of a course of conduct on the part of the defendant to exert unreasonable, malicious and overreaching demands upon the plaintiff, wholly in violation of applicable regulations, under pain of dismissal for non-compliance by the plaintiff, with a view to effect his dismissal wrongfully. His brief further recites that in Count II of his complaint he states a cause of action for the wrongful and malicious denial and deprivation of his rights of property and due process of law as guaranteed to him under the Fifth and Fourteenth Amendments to the United States Constitution.

### Conclusions of Law

1. The Pilots' Agreement and the agreement establishing the System Board of Adjustment confine plaintiff to the procedures and remedies provided in those agreements. Plaintiff's suit for damages for wrongful discharge must be predicated upon the contractual provisions of the Pilots' Agreement, and, of course, he is bound by the limitations contained therein. Except for that agreement there would be no basis for plaintiff's suit, as defendant could have discharged him at will, with or without cause. Payne v. Pullman Co., 1957, 13 Ill.App.2d 105, 141 N.E.2d 83. The requirement that a pilot be disciplined or dismissed only for proper cause is not expressed in the agreement, but is implicit in the provisions for investigation, hearings and appeal. There is no restriction upon the employer's discretion apart from the procedures set forth. The agreement does not purport to fix any criteria for determination of just cause for discharge or other discipline. Such determinations are left to the judgment of successively higher operating officials of the company at various stages of the procedure and ultimately to the System Board of Adjustment.

2. The system provided is the one established by the Railway Labor Act, as amended, and is well adapted for the handling and final disposition of disputes and grievances such as plaintiff's claim of discharge without proper cause. Obviously the agreement does not contemplate adjudication of such matters in court at any stage. The Court should not exercise jurisdiction in such a case, contrary to the intent of the parties, unless it is clearly required to do so.

3. The agreement establishing the System Board provides that its decisions in all cases properly referable to it shall be final and binding upon the parties. That provision is consonant with the Railway Labor Act, is valid, and is binding upon plaintiff. Sigfred

v. Pan American World Airways, 5 Cir., 1956, 230 F.2d 13.

■ 4. Plaintiff asserts, on the authority of Moore v. Illinois C. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, that the board's decision does not preclude this action for damages. In Moore, however, the collective bargaining agreement did not provide for or require an appeal to the Adjustment Board. Furthermore, there is some doubt whether the Supreme Court would now adhere to its decision in Moore in view of its more recent opinion in Brotherhood of R. T. v. Chicago R. & I. R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L. Ed.2d 622, rehearing denied 353 U.S. 948, 77 S.Ct. 823, 1 L.Ed.2d 857, in which the Court read the Adjustment Board provisions of the Railway Labor Act as constituting compulsory arbitration. This Court concludes, therefore, that plaintiff cannot maintain his suit unless his allegations require the Court to review the procedures of the System Board.

■ 5. Plaintiff seeks to avoid the final and binding effect of the System Board decision by asserting that he was not accorded a fair hearing before the board. He alleges that he did not receive sufficient notice of the charges against him, that he did not have sufficient opportunity to obtain witnesses in his behalf, that he did not have sufficient opportunity to procure documentary evidence, that defendant offered no evidence to support the charges against him, that he had no opportunity to cross examine any evidence or witnesses against him, that the defendant refused to make available to him its records, and that he did not have sufficient time to prepare an adequate defense. Plaintiff has not made a direct attack upon the decision of the board. This suit does not seek to set aside, declare null and void or enjoin enforcement of the board's decision. The sole prayer for relief is for compensatory and punitive damages for alleged breach of contract. The relief provided in the Pilots' Agreement for an exonerated pilot is reinstatement without loss of seniority, pay for time lost and the clearing of his personnel record. Such relief cannot be afforded by a court. It is available only through the procedures set forth in the agreement. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. The court is of the opinion that the relief specified in the agreement as well as the remedy is exclusive, and that it is without jurisdiction to examine the procedures of the System Board where such matters are raised collaterally in a suit for damages.

■ 6. The Court concludes further, however, that regardless of the collateral nature of the attack upon the board's decision in a suit for damages, it is without jurisdiction to review the board's determination on the basis of the allegations of the pleadings. The decision of the System Board of Adjustment is not open to judicial review on questions of either law or fact. The Court has jurisdiction to review a decision of a System Board only in a limited area where the complaint asserts gross discrimination, fraud, corruption, lack of jurisdiction and like matters. See Frankfurter, J., concurring in Pennsylvania R. Co. v. Rychlik, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480. An example of this limited area of protection is Edwards v. Capital Airlines, 1949, 84 U.S. App.D.C. 346, 176 F.2d 755. Plaintiff's allegations concerning the board's proceedings are not such as to warrant or afford jurisdiction to review what the System Board did.

■ 7. Count II of plaintiff's complaint in which he charges deprivation of property without due process of law does not state a claim against defendant, Flying Tiger. United Railroad Workers of America, Independent v. Atchison, T. & S. R. Co., D.C.N.D.Ill.1950, 89 F.Supp. 666.

The Court finds the issues in favor of defendant, The Flying Tiger Line Inc., and herewith enters summary judgment in its favor.