**Edward L. RUSHTON, Plaintiff,**

**v.**

**HOWARD SOBER, INC., a Michigan corporation, Defendant.**

**Civ. A. No. 3975.**

United States District Court
W. D. Michigan, S. D.
Sept. 12, 1961.

Dee Edwards, Detroit, Mich., for plaintiff.

Matheson, Dixon & Bieneman, and Robert Alan Parr, Detroit, Mich., for defendant.

STARR, District Judge.

The defendant Howard Sober, Inc., a Michigan corporation, is a duly licensed motor carrier of automobiles and trucks throughout the United States and has a terminal at Lansing, Michigan. Plaintiff Rushton, a citizen of Kentucky, was employed by the defendant as a truck driver out of its Lansing terminal, delivering motor vehicles from Lansing to other points in the United States, including California. About June 10, 1959, he was dispatched by the defendant to transport a motor vehicle from Lansing to Los Angeles, California. Plaintiff did not return from California by railroad but arranged with a California drive-away company to drive a privately owned car back to Chicago, Illinois. However, upon his return to Lansing, he presented a fictitious railroad-fare receipt for transportation from California to Lansing in the amount of $78.56, and upon representation that he had paid that amount for transportation, he was reimbursed by the defendant. Defendant subsequently learned that the plaintiff had not returned from California by railroad and on June 29, 1959, discharged him for dishonesty.

On October 27, 1960, the plaintiff filed a complaint in this court, alleging that he had been employed by the defendant for about a year and a half prior to June 29, 1959; that during his employment there was in existence a collective-bargaining agreement between the defendant and plaintiff's collective-bargaining agent and representative, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; that this agreement provided that the employer should not discharge an employee without just cause and that the employer was required to give at least one warning notice before discharge, *except* that no warning notice was required if the employee was discharged because of his dishonesty. The plaintiff further alleged that he was wrongfully discharged without just cause on June 29, 1959; that in pursuance of the collective-bargaining agreement he filed a grievance complaint,

which was heard by a local panel composed of representatives of the union and the defendant; that the local panel deadlocked and was unable to agree upon a decision and disposition of the grievance; and that an appeal was taken to the Automobile Transporters Joint Conference Committee, which upheld plaintiff's discharge. The plaintiff further alleged that in pursuance of the collective-bargaining agreement he then took an appeal to a board of arbitration; that a hearing was held before the board and testimony presented by the parties; and that an award was entered upholding the plaintiff's discharge by the defendant. The plaintiff further alleged that the award of the board was a nullity and of no legal effect, on the grounds that it was the decision of only one arbitrator; that the defendant had failed to establish dishonesty on the part of the plaintiff; that the arbitrators considered improper evidence; and that the award was against the great weight of the evidence and was a fraud upon the plaintiff. He further alleged that he had lost wages since his discharge and had lost valuable seniority rights accruing to him by virtue of the collective-bargaining agreement between his union and the defendant. The plaintiff does not ask to have the award of the board of arbitration set aside but merely alleges that the award is a nullity and asks for money damages in the amount of $45,000 for his allegedly wrongful discharge.

On December 23, 1960, the defendant filed its answer, alleging that the plaintiff was discharged because of his dishonesty; denying that the award of the board of arbitration was a nullity; denying that it had breached the collective-bargaining agreement; and denying all liability to the plaintiff. On the same date the defendant filed a motion for summary judgment in its favor on the grounds that the plaintiff's grievance claims had been heard and denied by the board of arbitration; that under the terms of the collective-bargaining agreement the award of the board is conclusive and binding upon the plaintiff; and that he is barred as a matter of law from prosecuting his present action for money damages. In support of its motion the defendant filed the affidavit of each of the three members of the board of arbitration and also the affidavit of the president of the plaintiff's local union and the affidavit of the assistant to a vice president of the defendant company.

The defendant's motion for a summary judgment must be considered under rule 56 of the Federal Rules of Civil Procedure as amended, 28 U.S.C.A., which provides in part:

> "(b) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
>
> "(c) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In 6 Moore's Federal Practice, 2d ed., ¶ 56.17[4], page 2180, in discussing a motion for summary judgment based upon an affirmative defense, it is stated:

> "The basic principles which govern the grant or denial of summary judgment in other situations apply, of course, to the grant or denial of summary judgment on the basis of an affirmative defense. And while, of course, there may be a triable issue of fact in connection with any type of affirmative defense which would necessitate a denial of summary judgment on the basis of that defense, there are certain affirmative defenses which, as a general proposition, lend themselves to cate-

gorical proof. In such a case the summary judgment procedure is unusually effective."

See De Luca v. Atlantic Refining Co., 2 Cir., 176 F.2d 421, certiorari denied 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581. Altman v. Curtiss-Wright Corporation, 2 Cir., 124 F.2d 177.

The law is well established that when it clearly and affirmatively appears from the pleadings and affidavits filed in an action that there is no genuine issue as to a material fact and it conclusively appears that the plaintiff will be entitled to no relief whatever, the defendant's motion for a summary judgment should be granted.

The rights and liabilities of the parties in the present action must be considered under the terms and provisions of the collective-bargaining agreement between plaintiff's representative union and the defendant. Article VII, § 1 of the collective-bargaining agreement provides:

> "The Employer shall not discharge or suspend any employee without just cause, but in respect to discharge shall give at least one warning notice of the complaint against such employee to the employee, in writing, and a copy of the same to the Union affected, *except* that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty or drunkenness or recklessness resulting in serious accident while on duty, or the carrying of unauthorized passengers. The warning notice as herein provided shall not remain in effect for a period of more than nine months for major offenses, and six months for minor offenses, from date of said warning notice. Discharge must be by proper written notice to the employee and the Union affected. Any employee may request an investigation as to his discharge, suspension or any disciplinary action. Should such investigation prove that an injustice has been done an employee, he shall be reinstated and compensated at his usual rate of pay while he has been out of work. Appeal from discharge, suspension or any disciplinary action must be taken within ten days and a decision reached within fifteen days from the date of discharge, suspension or any other disciplinary action. If no decision has been rendered within fifteen days, the case shall then be taken up as provided for hereinafter."

Article VII, § 3, of the collective-bargaining agreement provides in part:

> "The Unions and the Employers agree that there shall be no strike, tie-up of equipment, slow-downs or walk-outs on the part of the employees, nor shall the Employer use any method of lock-out or legal proceeding without first using all possible means of a settlement, as provided for in this Agreement, of any controversy which might arise. Disputes shall first be taken up between the Employer and the Local Union involved. If the parties are unable to settle the dispute, the same shall then go to the Local Joint Committee. In any city where there is no Local Joint Committee, the same may be appealed directly to the Automobile Transporters Joint Conference Committee. Where a Local Joint Committee, by a majority vote, settles a dispute, no appeal may be taken to the Automobile Transporters Joint Conference Committee. Such a decision shall be final and binding on both parties and will apply only in the jurisdiction of the involved Local Union. However, the Automobile Transporters Joint Conference Committee reserves the right to review all such decisions and facts pertaining thereto, and should it find any decision has been rendered in error according to this Agreement and/or applicable Rider and the facts surrounding the particular case, the Automobile Transporters Joint Conference Committee may revoke the original decision, render a new de-

cision, and order same to be put into effect.

"Where a Local Joint Committee is unable to agree or come to a decision on a case, it shall, at the request of the Union or the Employer involved, be appealed to the Automobile Transporters Joint Conference Committee at the next regularly constituted session. Committee's failure to meet, not due to complaining side's fault, withdraws benefits of this Article.

"If any grievance or disagreement is not satisfactorily settled, as provided above, then both the Union and the Employer shall submit the grievance to a Board of Arbitration consisting of three members:

"One member to be appointed by the Union; one member by the Employer; and the two together appointing a third disinterested arbitrator.

"All grievances submitted to the Board of Arbitration must be heard and disposed of within two weeks. *The findings of the Arbitration Board shall be final.*"

Upon being notified of his discharge by the defendant, the plaintiff in pursuance of the collective-bargaining agreement filed a grievance complaint, which was heard by a local panel composed of representatives of the union and the defendant. The panel became deadlocked and was unable to agree upon a disposition of the grievance. The plaintiff then appealed to the Automobile Transporters Joint Conference Committee, which upheld his discharge by the defendant. In pursuance of the provisions of the collective-bargaining agreement the plaintiff then appealed to a board of arbitration consisting of one member appointed by the plaintiff's union and one member appointed by the defendant and a third member appointed by agreement of the other two arbitrators. The plaintiff's union appointed as an arbitrator Frank E. Fitzsimmons, who was vice president of Teamsters local union No. 299 at Detroit, Michigan, and also secretary-treasurer of the Michigan Conference of Teamsters. The defendant appointed Carney D. Matheson as an arbitrator, and the two arbitrators then agreed that Philip Weiss be appointed as the third disinterested arbitrator. The board of arbitration met November 4, 1959, and arbitrator Weiss was appointed and acted as chairman of the board.

It should be noted that the collective-bargaining agreement did not specify in detail the procedure to be followed by the board of arbitration at its hearing and did not require that the board unanimously concur in the award or that the award of the board be signed by all of the arbitrators. In the absence of any express provision in the bargaining agreement regarding the procedure to be followed, it is clear that the board and the parties present could agree upon the procedure to be followed at the hearing and on the manner of reporting the decision and award of the board. The five affidavits filed by the defendant in support of its motion for a summary judgment conclusively establish the fact that at the hearing before the board of arbitration the parties agreed that the decision and award of the board would be written and issued by the chairman.

At the hearing before the board on November 4th the plaintiff and defendant presented evidence relative to the plaintiff's discharge, and arguments were heard. Following the hearing the three members of the board met and discussed the evidence which had been presented and, as had been agreed, chairman Weiss wrote and issued the award of the board. The award was in favor of the defendant and determined that the plaintiff was properly discharged. Although the award was worded by chairman Weiss in the first person, it was nevertheless agreed to by all three members of the board of arbitration and was the award of the board. The pertinent part of the affidavit of Frank E. Fitzsimmons, the arbitrator who was appointed by the

plaintiff's union, is set out in the margin below.[1] The affidavits of the other two members of the board of arbitration and the affidavit of Lloyd McKim, president of Teamsters local union No. 580 located at Lansing, who was present at the arbitration hearing, and the affidavit of Denton Jolly, assistant to a vice president of defendant, are substantially similar to the affidavit of arbitrator Fitzsimmons. These five affidavits filed by defendant in support of its motion conclusively establish the fact that the decision and award written by arbitrator Weiss as chairman of the board was in fact the decision and award of all three arbitrators. In his affidavit in opposition to defendant's motion the plaintiff merely states that he did not recall any discussion or consultation with reference to permitting Philip Weiss, the third arbitrator, to write the decision and award of the board; that he was not asked to waive his right to an award by the entire board; and that he did not authorize McKim or any union representative to waive his right to an award by the entire board.

From a careful study of the pleadings and the five affidavits filed by defendant and the plaintiff's affidavit, it is clear that all proceedings by the board of arbitration were in accordance with the terms and provisions of the collective-bargaining agreement, which expressly provided that "the findings of the Arbitration Board shall be final." The law is well established that the plaintiff is bound by the decision and award of the board of arbitration. In 3 Am. Jur., Arbitration and Award, § 130, pages 951–953, it is stated:

> "The award of arbitrators acting within the scope of their authority determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment until it is regularly set aside or its validity

1. "On November 4, 1959 the arbitration was held and he (Fitzsimmons) acted as the member appointed by the union, Mr. Matheson acted as the member appointed by the employer, and Mr. Philip Weiss acted as the chairman of the arbitration panel and the third disinterested arbitrator appointed by him and Mr. Matheson. That after the arbitration hearing had been commenced, the disinterested arbitrator, Mr. Weiss, asked all the parties present, which included plaintiff, the other two discharged employees, their witnesses and Mr. Lloyd McKim of Local 580, representing them, and the employer and his witnesses, whether the parties would agree that the majority action of the arbitration panel would be written and issued by him on behalf of the Board of Arbitration after the close of the arbitration hearing and after consultation with the member representing the employer and the member representing the union. That all of the parties, including Mr. McKim of Local 580 and the plaintiff, agreed that they would accept such an arbitration decision by the Board of Arbitration and be bound by same. That within one or two days subsequent to the actual arbitration hearing, Mr. Weiss, Mr. Matheson and he met and thoroughly discussed the evidence, testimony and exhibits which had been introduced at the arbitration hearing in plaintiff's arbitration case and that it was his opinion that the discharge was not warranted, however, Mr. Matheson took the position that the discharge was justified and Mr. Weiss also took the position that the discharge was justified. That pursuant to the agreement which had been made at the arbitration hearing and agreed to by plaintiff, he and Mr. Matheson advised Mr. Weiss to write and issue the opinion and action of the majority of the three-member arbitration board sustaining the discharge. That subsequent to this meeting Mr. Weiss delivered to the parties, including himself, a copy of the arbitration award of the Board of Arbitration upholding the discharge of plaintiff.

"That Article VII of the collective bargaining agreement states that the arbitration decision should be final and binding. That the arbitration machinery created by the collective bargaining agreement, as interpreted by the parties, was followed every step of the way and that his omission to sign such award did not signify that he had not participated in such arbitration proceedings, his only reason for not signing being the agreement of the three members of the Board of Arbitration that procedurally the majority opinion could be issued by Mr. Weiss, the disinterested arbitrator, on behalf of such Board of Arbitration."

questioned in a proper manner. Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth res judicata, on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final—a tribunal of last resort for that controversy. This rule is universally applied with respect to matters actually presented by the parties for the decision of the arbitrators. * * *

"A valid award bars future suits upon questions of rights and liabilities which are therein decided; and if a suit is brought, the award may be introduced in evidence and is conclusive as to matters contained therein. If the matter submitted was a controversy involved in a pending suit, the award bars further prosecution of the suit; except that where so provided by statute, agreement in the submission, or rule of court, judgment may be entered in conformity to the award. So conclusive is an award, that it has been said that nothing can relieve a party except payment or discharge; and in a case in which, after the award, both the plaintiff and the defendant, at different times, renounced their rights thereunder, the award was held still to be in force and to bar an action on the matters therein contained."

See 6 C.J.S. Arbitration and Award §§ 95, 96; 6 Williston on Contracts, rev. ed., § 1927; 2 Restatement of the Law of Contracts, § 445.

In Rossa v. Flying Tiger Line, Inc., D.C.Ill., 187 F.Supp. 386, the plaintiff brought an action for damages for allegedly wrongful discharge. The defendant filed a motion for summary judgment based upon an award of a "board of adjustment" upholding the discharge. In granting the motion for summary judgment the court said, at pages 391, 392:

"1. The Pilots' Agreement and the agreement establishing the System Board of Adjustment confine plaintiff to the procedures and remedies provided in those agreements. Plaintiff's suit for damages for wrongful discharge must be predicated upon the contractual provisions of the Pilots' Agreement, and, of course, he is bound by the limitations contained therein. Except for that agreement there would be no basis for plaintiff's suit, as defendant could have discharged him at will, with or without cause. Payne v. Pullman Co., 1957, 13 Ill.App.2d 105, 141 N.E.2d 83. The requirement that a pilot be disciplined or dismissed only for proper cause is not expressed in the agreement, but is implicit in the provisions for investigation, hearings and appeal. There is no restriction upon the employer's discretion apart from the procedures set forth. The agreement does not purport to fix any criteria for determination of just cause for discharge or other discipline. Such determinations are left to the judgment of successively higher operating officials of the company at various stages of the procedure and ultimately to the System Board of Adjustment.

"2. The system provided is the one established by the Railway Labor Act, as amended, and is well adapted for the handling and final disposition of disputes and grievances such as plaintiff's claim of discharge without proper cause. Obviously the agreement does not contemplate adjudication of such matters in court at any stage. The Court should not exercise jurisdiction in such a case, contrary to the intent of the parties, unless it is clearly required to do so.

"3. The agreement establishing the System Board provides that its decisions in all cases properly referable to it shall be final and binding upon the parties. That provision is consonant with the Railway Labor Act, is valid, and is binding upon

plaintiff. Sigfred v. Pan American World Airways, 5 Cir., 1956, 230 F. 2d 13.

"4. Plaintiff asserts, on the authority of Moore v. Illinois C. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, that the board's decision does not preclude this action for damages. In Moore, however, the collective bargaining agreement did not provide for or require an appeal to the Adjustment Board. Furthermore, there is some doubt whether the Supreme Court would now adhere to its decision in Moore in view of its more recent opinion in Brotherhood of R. T. v. Chicago R. & I. R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622, rehearing denied 353 U.S. 948, 77 S.Ct. 823, 1 L.Ed.2d 857, in which the Court read the Adjustment Board provisions of the Railway Labor Act as constituting compulsory arbitration. This Court concludes, therefore, that plaintiff cannot maintain his suit unless his allegations require the Court to review the procedures of the System Board.

"5. Plaintiff seeks to avoid the final and binding effect of the System Board decision by asserting that he was not accorded a fair hearing before the board. He alleges that he did not receive sufficient notice of the charges against him, that he did not have sufficient opportunity to obtain witnesses in his behalf, that he did not have sufficient opportunity to procure documentary evidence, that defendant offered no evidence to support the charges against him, that he had no opportunity to cross examine any evidence or witnesses against him, that the defendant refused to make available to him its records, and that he did not have sufficient time to prepare an adequate defense. Plaintiff has not made a direct attack upon the decision of the board. This suit does not seek to set aside, declare null and void or enjoin enforcement of the board's decision. The sole prayer for relief is for compensatory and punitive damages for alleged breach of contract. The relief provided in the Pilots' Agreement for an exonerated pilot is reinstatement without loss of seniority, pay for time lost and the clearing of his personnel record. Such relief cannot be afforded by a court. It is available only through the procedures set forth in the agreement. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. The court is of the opinion that the relief specified in the agreement as well as the remedy is exclusive, and that it is without jurisdiction to examine the procedures of the System Board where such matters are raised collaterally in a suit for damages."

In Henry v. United States Trucking Corporation, D.C., 161 F.Supp. 67, the plaintiff sought to have an arbitrator's award vacated and to recover damages for wrongful discharge by the defendant. The court held that under the applicable New Jersey statute the arbitrator's award could be vacated only in the specified State courts. In granting the defendant's motion to dismiss the cause of action the court said, 161 F.Supp. at page 73:

> "Therefore, if we look to the Union contract, without reference to the New Jersey statute, we must conclude that the award complained of is conclusive upon the parties. If, however, the New Jersey statute creates or recognizes in the plaintiff a right and forum for the vacation of the award, the plaintiff must have recourse to the prescribed proceeding in that forum for that purpose. In any event, this Court is without jurisdiction, on the face of the allegations of the complaint and the provisions of the Union contract incorporated by reference therein, to vacate the arbitrator's award. * * As long as the award remains unvacated it is effective between the parties to the Union contract and binding upon the plaintiff for whose benefit the contract was made. The

amended complaint, therefore, fails to state a claim upon which relief may be granted at this time by this Court. This conclusion is inescapable because the Union contract upon which the plaintiff's employment relationship with the defendant depended, prescribed an exclusive remedy for the plaintiff for his alleged improper discharge by the defendant. * * *

"If the plaintiff fails to secure vacation of the arbitration award in the New Jersey statutory forum, the award will stand as an effective barrier to recovery of damages for discharge in an action either in a New Jersey court or in this Court."

In Grant v. Atlas Powder Company, 6 Cir., 241 F.2d 715, the plaintiff sought to recover damages for wrongful discharge by the defendant. The plaintiff's grievance had been submitted to arbitration and it was determined that his employment had been properly terminated. The district court granted the defendant's motion to dismiss the action, and the court of appeals for this circuit affirmed, stating at page 716 of 241 F.2d:

"Although an agreement to arbitrate a dispute may be invalid and an arbitrator's award cannot be enforced against one who has withdrawn from the agreement while it is still executory, Key v. Norrod, 124 Tenn. 146, 136 S.W. 991, it is settled law that where the parties have executed the arbitration agreement by proceeding with the arbitration and obtaining an award, the award is binding, subject to attack for fraud or some vitiating defect in the proceedings. No such attack is made here. Dougherty v. McWhorter, 15 Tenn. 239, 253, 257; Vaughn v. Herndon, 91 Tenn. 64, 17 S.W. 793; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 120–121, 44 S.Ct. 274, 68 L.Ed. 582; Tejas Development Co. v. McGough Bros., 5 Cir., 165 F.2d 276, 279–280."

See also Charles H. Tompkins Company v. Lloyd E. Mitchell, D.C.Cir., 259 F.2d 177, 179, certiorari denied 358 U.S. 874, 79 S.Ct. 115, 3 L.Ed.2d 105; Tejas Development Co. v. McGough Bros., 5 Cir., 165 F.2d 276, 280; John W. Daniel & Company, Incorporated, v. Janaf, Incorporated, D.C., 169 F.Supp. 219, 224, affirmed 4 Cir., 262 F.2d 958; Arlington Towers Land Corporation v. John McShain, D.C., 150 F.Supp. 904, 927; Livingston v. Shreveport-Texas League Baseball Corporation, D.C., 128 F.Supp. 191, 202–203, affirmed 5 Cir., 228 F.2d 623; United States Plywood Corporation v. Hudson Lumber Company, D.C., 127 F.Supp. 489, 494; Application of Jackson, D.C., 77 F.Supp. 53, 54, affirmed 2 Cir., 170 F.2d 703.

Furthermore, the Supreme Court of Michigan has also held that the parties to an arbitration award are conclusively bound by that award until it is set aside in an action directly attacking the legality of the award. See Innis v. Fireman's Fund Insurance Co., 218 Mich. 253, 255, 256, 187 N.W. 268; Palmer v. Patrons' Mutual Fire Insurance Co. of Michigan, 217 Mich. 292, 299; Jackson v. State Mutual Rodded Fire Insurance Co., 217 Mich. 301, 306, 307, 186 N.W. 511; Smith v. Port Huron Gas & Electric Co., 217 Mich. 519, 529, 530, 187 N.W. 292.

It should be kept in mind that any question as to the weight and probative value of the testimony presented by the parties before the board of arbitration and the correctness of the board's award is not before this court in the present action. The only question before the court is whether the decision and award written by the chairman of the board was the decision and award of all three arbitrators. The court has concluded that the award, although written by the chairman, was the decision of all three arbitrators and the award of the board. It is clear that in the present action the plaintiff is merely seeking to relitigate the issues that were presented to and finally determined by the entire board of arbitration.

For the reasons stated herein the court concludes: (1) That the members of the

board of arbitration were appointed in pursuance of and acted in accordance with the provisions of the collective-bargaining agreement between the plaintiff's union and the defendant; (2) that the award written and issued by Weiss, chairman of the board of arbitration, was agreed to by all three arbitrators and was the decision and award of the board; (3) that by its award the board of arbitration determined that plaintiff's discharge by the defendant was justified; (4) that the award of the board of arbitration is final and binding upon the plaintiff; (5) that there is no genuine issue as to any material fact in the present case and that as a matter of law the defendant is entitled to a summary judgment in its favor.

A summary judgment of no cause of action in favor of the defendant will be entered.