LOCAL 61, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, Appellant

v.

BRD PLASTICS, INC.

No. 18463.

United States Court of Appeals, Third Circuit.

Argued May 19, 1970.

Decided June 19, 1970.

Richard Scupi, International Union of Electrical, Radio and Machine Workers, Washington, D. C. (Irving Abramson, Ruth Weyand, Washington, D. C., on the brief), for appellant.

Richard H. Zamboldi, Elderkin, Martin & Kelly, Erie, Pa. (Joseph T. Messina, Erie, Pa., on the brief), for appellee.

Before ALDISERT and ADAMS, Circuit Judges, and HIGGINBOTHAM, District Judge.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

In the Steelworkers' trilogy,[1] the Supreme Court made it clear that the na-

---

1. The Steelworkers' trilogy consists of three cases decided by the Supreme Court: United Steelworkers of America v. American Mfg., U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United

**24**

tional labor policy favors the settlement of labor disputes through arbitration. This policy, however, does not provide the solution to the present dispute, but does set forth the guidelines for its resolution.

Local 616, International Union of Electrical, Radio & Machine Workers, AFL-CIO (Union) and Byrd Plastics, Inc. (Employer) are parties to a collective bargaining agreement. The Union filed a complaint in the District Court for the Western District of Pennsylvania to enforce an arbitration award entered presumably on the basis of the collective bargaining agreement. The Employer filed a motion to dismiss alleging, *inter alia*, that the complaint failed to state a claim upon which relief could be granted since a prior arbitration award had decided the same grievance in favor of the Employer. The District Court granted the Employer's motion to dismiss, and the Union appealed.

The circumstances leading to the District Court proceeding began on October 24, 1967, when the Union, on behalf of employee, Rosalie Black, filed a "grievance" with the Employer alleging that the Employer violated the seniority provision of the collective bargaining agreement by failing to recall Rosalie Black from layoff. The Union filed its complaint as a "union grievance"[2] rather than an individual grievance, thus shortcutting the procedural steps set forth in the collective bargaining agreement. Although the Employer objected to the initiation of the grievance in this manner, the Union persisted in processing the grievance in this form and arbitration was scheduled before Arbitrator Maurice Nichols. After a hearing, Nichols made an award which sustained the position of the Employer, and dismissed the grievance because the employee had not signed it or processed it through the full grievance procedure outlined in the agreement. Nichols concluded his opinion by stating that the grievance was "dismissed without consideration of the merits of the claim for reinstatement".

Five days later, the grievance was refiled over the signature of the employee and processed in accordance with the outlined grievance procedure. The Employer took the position that the second filing was improper, and that it was not required to arbitrate the grievance again. The Employer based its contention on the dismissal of Rosalie Black's grievance by Arbitrator Nichols, and the clause of the collective bargaining agreement which states that the "decision of the Arbitrator on a matter properly before him within the limits of his jurisdiction shall be final and binding". The Union requested the Federal Mediation and Conciliation Service to appoint an arbitrator. Because the collective bargaining agreement states that "either party may request a panel or panels of arbitrs", and "[i]f agreement cannot be reached on selection" of an arbitrator shall be appointed, the Service appointed Arbitrator Allen Dash, Jr. Although notice was given the Employer, it refused to arbitrate the matter and the proceeding was conducted *ex parte*.

After the hearing, Arbitrator Dash decided that Arbitrator Nichols' decision did not bar Rosalie Black from re-filing her grievance because the collective bargaining agreement had no time requirement for initiating steps of the grievance procedure. Arbitrator Nichols then decided the case on the merits in Rosalie Black's favor, and awarded her back pay

---

Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

2. The Collective Bargaining Agreement contains a four step grievance procedure for negotiating and settling all grievances between "the Company and the Union or its members". A separate clause of the agreement, however, provides that grievances "so general as greatly affect all or a major portion of the employees * * * may be initiated at whatever step as may be appropriate under the circumstances." Thus, the Union may press a general grievance without complying with all of the normal steps for grievances.

from the day the second grievance was filed.

The Union petitioned the District Court for enforcement of the award by Arbitrator Dash. Judge Willson granted the Employer's motion to dismiss because of lack of jurisdiction of the second arbitrator. In doing so, Judge Willson held that whether the Employer had to arbitrate the grievance a second time was a question of "substantive arbitrability" to be decided by a court rather than the second arbitrator, and that Arbitrator Nichols' award was binding and final so as to preclude the assertion of the grievance in a second arbitration proceeding. He considered the language in Arbitrator Nichols' opinion saying the dismissal was "without consideration of the merits" as "surplusage".

The issue on this appeal is whether the second grievance was arbitrable, or whether the decision of Arbitrator Nichols was "final and binding" so as to preclude further arbitration.

■ Contrary to the Union's contention, whether or not a company is required to arbitrate and the issues it must arbitrate are questions which are to be decided by a court. John Wiley & Sons v. Livingston, 376 U.S. 543, 546, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 570–571, 80 S.Ct. 1343, 4 L. Ed.2d 1403 (Brennan concurring); Halstead & Mitchell Co. v. United Steelworkers of America, 421 F.2d 1191 (3d Cir. 1969). The occurrence of the second arbitration does not alter the rule that a court must decide whether the parties agreed to submit a dispute to arbitration, since it was the position of the Employer that a grievance which had previously

proceeded through arbitration was no longer the subject of arbitration.

Judge Willson's conclusion that the award of Arbitrator Nichols discharged the Employer's obligation to arbitrate the grievance is incorrect.

■ The national labor policy reflected in the Labor Management Relations Act favors the arbitration of all labor disputes. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567–568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3d Cir. 1969). "[A]rbitration of labor disputes under collective bargaining agreements is part and parcel of the collective bargaining process itself." 363 U.S. at 578, 80 S.Ct. at 1350. Thus, unless clearly precluded from arbitration, all disputes between the union and an employer must be resolved through arbitration. 363 U.S. at 581, 80 S.Ct. at 1352. As Justice Douglas said in *Warrior & Gulf:* "Apart from matters that the parties specifically exclude, all of the questions on which the parties disagree must therefore come within the scope of the grievance and arbitration provisions of the collective agreement." 363 U.S. at 581, 80 S.Ct. at 1352.[3]

■ The "final and binding" clause of the collective bargaining agreement refers to "matters properly before" the arbitrator. This clause certainly does not make it clear that a dismissal for failure to follow the correct procedure is "final and binding" on the merits. The first arbitration decision, which dismissed the grievance without a consideration of the

---

3. In the recent case of Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (June 1, 1970), Mr. Justice Brennan stated: " * * * in the *Steelworkers Trilogy* we emphasized the importance of arbitration as an instrument of federal policy for resolving disputes between labor and management and cautioned the lower courts against usurping the findings of the arbitrator." ·

merits, in no way indicated that the employee was precluded from proceeding in a proper manner. Indeed, Nichols' statement that he was dismissing the grievance "without consideration of the merits" is to the contrary.

■■ A clause stating that a decision of an arbitrator is "final and binding" is no doubt intended to establish a principle similar to that of *res judicata*, and to bar reconsideration of the disputes fully decided on the merits. A party who makes a procedural error in filing a complaint which is dismissed without a decision on the merits may, in the absence of the running of the statute of limitations and any other specified bars, re-institute the complaint. A collective bargaining agreement may state specifically that it intends any dismissal, whether on procedural grounds or on the merits, to bar further arbitration. But unless such an intent is explicit, it does not oust a grievance is within the jurisdiction of

■ The grievance procedure itself has no time limit for initiating a grievance, and thus does not bar the reassertion of the grievance by Rosalie Black. The question of the interpretation of the procedural requirements for filing a grievance is within the jursidiction of the arbitrator. John Wiley & Sons v. Livingston, 376 U.S. at 555, 84 S.Ct. at 917. The decision of Arbitrator Dash on this point represents a proper reading of the contract. "[S]o far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." United Steelworkers of America v. Enterprise Wheel & Car Co., 363 U.S. at 599, 80 S.Ct. at 1362.

Accordingly, the order dismissing the Union's request for enforcement of the second award will be reversed, and the case will be remanded to the District Court for proceedings in accordance with this opinion.