**Harry DONLEY, Plaintiff,**

v.

**MOTOR FREIGHT EXPRESS, INC., et al., Defendants.**

**Civ. A. No. 72–92.**

United States District Court,
W. D. Pennsylvania.

July 14, 1972.

Joseph A. Steedle, Pittsburgh, Pa., for plaintiff.

Rosenberg & Lubow, Pittsburgh, Pa., for Western Pa. Motor Carriers.

H. L. Foreman, Pittsburgh, Pa., for Joint Council 40.

Ben Paul Jubelirer, Pittsburgh, Pa., for Teamsters Local 249.

Morgan, Lewis & Bockius, Washington, D. C., for Motor Freight Express.

OPINION

GOURLEY, District Judge:

This action, initially filed by plaintiff in the Court of Common Pleas of Allegheny County, Pennsylvania, was removed to this Court on January 28, 1972 and seeks to reverse a labor arbitration award and to obtain money damages. The immediate matters before the Court include a Motion for Summary Judgment submitted by defendant Motor Freight Express, Inc., and Motions to Dismiss filed by all other defendants.

There is no dispute as to any material fact. Plaintiff was an employee of defendant Motor Freight Express and was notified by his employer that he was being laid off effective April 29, 1971. He was notified of his recall by registered mail on July 8, 1971, which was effective July 6, 1971. Under the terms of the National Master Freight Agreement, the collective bargaining agreement existing between his employer and defendant Teamsters Local 249, a person has three days to respond to a recall or be subject to a loss of seniority rights. Plaintiff did not respond to the recall notice until July 13, 1971 at which time he received oral and written notice that he had been removed from the seniority list consistent with the collective bargaining agreement. This prompted plaintiff's grievance for termination of

employment and seniority rights. On September 14, 1971, the Western Pennsylvania Teamsters and Employers Joint Area Committee upheld the action taken by defendant Motor Freight Express, Inc. in dismissing plaintiff as consistent with the provisions of the National Master Freight Agreement.

There is no question that the effect of the Joint Area Committee's decision is the same as that made by an arbitrator. General Drivers etc. Union v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963). The contract provides that the award of the Joint Committee is final and binding upon the parties. This in effect establishes a principle comparable to the principle of *res judicata* and bars further reconsideration on the merits. Local 616, International Union of Electrical, Radio & Machine Workers, AFL–CIO v. Byrd Plastics, Inc., 428 F.2d 23(3d Cir. 1970). It is equally clear that the judgment of this Court should not be substituted for that of the arbitrator, even when a different interpretation of the contract might be made. United Steelworkers v. Enterprise Wheel and Car Corp., 363 U. S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The function of the Court is an extremely limited one and there should be no review on the merits whatsoever. Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123(3d Cir. 1969); International Union of Dist. 50, U.M.W.A. v. James Julian, Inc., 341 F.Supp. 503 (M.D.Pa. 1972).

On the basis of the foregoing, the Court must conclude that the Motion of defendant Motor Freight Express, Inc. for summary judgment should be granted, and that the motions to Dismiss filed by all otherwise defendants herein should likewise be granted.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.