**LOS ANGELES NEWSPAPER GUILD, et al., Plaintiffs,**

v.

**The HEARST CORPORATION, Defendant.**

**Civ. No. 71-21-RJK.**

United States District Court, C. D. California.

Jan. 10, 1973.

Bodle, Fogel, Julber & Reinhardt, George E. Bodle, Daniel Fogel, Stephen Reinhardt, Loren R. Rothschild, Lester Ostrov, Los Angeles, Cal., for plaintiffs.

Flint & MacKay, Edwin Freston, Richard G. Ritchie, Robert S. Ackerman, Los Angeles, Cal., for defendant.

MEMORANDUM OF OPINION AND ORDER

KELLEHER, District Judge.

By this action plaintiffs seek recovery of alleged dismissal pay and alternative pay benefits under two written collective bargaining agreements. Declaratory relief, a declaration of rights and other equitable relief are also sought, together with certain claims for money damages for failure to honor the collective bargaining agreements.

Jurisdiction of this Court is based upon Section 301 of the Labor-Management Relations Act of 1947, as amended, (29 U.S.C.A. § 185(a)).

The dispositive issue of law is whether arbitration as provided for in the collective bargaining agreements is the exclusive remedy available to the plaintiffs. The Court finds that it is.

Article VII of the collective bargaining agreements between the Los Angeles Herald-Examiner and the Los Angeles Newspaper Guild and the Hillbro Newspaper Printing Company and the Los Angeles Newspaper Guild provide for adjustment of disputes. Section 3 is as follows:

> "A grievance raised under Section 2 above, must be resolved, dismissed or submitted to arbitration within sixty (60) days following receipt of the written notice provided for in Section 2 above. . . . "

Clearly, this language demonstrates that the parties to these two agreements intended arbitration to be the exclusive remedy, failing resolution of disputes by the grievance committees.

The trilogy, United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960), enunciated the settlement of labor disputes by arbitration as a national policy. If by contract disputes which cannot be resolved amicably are to be either dismissed or settled by arbitration, then "[a]rbitration is a stabilizing influence only as it serves as a vehicle for handling any and all disputes that arise under the agreement." United Steelworkers of America v. American Mfg. Co., *supra*, 363 U.S. at 567, 80 S. Ct. at 1346.

Since arbitration is the exclusive remedy, an action for damages in breach of contract will not lie. Accordingly, this action is hereby dismissed and judgment rendered in favor of the defendants.

Disposition on the ground that arbitration is the exclusive remedy under the collective bargaining agreement precludes consideration of the other issues presented.