In the Matter of Arbitration Between LOS ANGELES NEWSPAPER GUILD, LOCAL 69, AMERICAN NEWSPAPER GUILD, AFL–CIO, CLC, Petitioner,

v.

The HEARST CORPORATION, a corporation, et al., Respondents.

Civ. No. 70–2653–RJK.

United States District Court, C. D. California.

Jan. 10, 1973.

Bodle, Fogel, Julber & Reinhardt, George E. Bodle, Daniel Fogel, Stephen Reinhardt, Loren R. Rothschild, Lester G. Ostrov, Los Angeles, Cal., for petitioner.

O'Melveny & Myers, Charles G. Bakaly, Jr., Stephen P. Pepe, Los Angeles, Cal., for respondents.

## MEMORANDUM OF OPINION AND ORDER

KELLEHER, District Judge.

Petitioner, by this proceeding, seeks to vacate an arbitration award. Petitioner filed this action in the Superior Court of the State of California For the County of Los Angeles. Respondents removed the proceeding to this Court by invoking the original jurisdiction conferred by Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C.A. § 185(a)). [29 U.S.C.A. § 185(a)].

After a trial before this Court the matter was ordered submitted.

The facts are as follows:

On January 28, 1966, the Los Angeles Newspaper Guild (Guild) entered into two collective bargaining agreements with the Hearst Corporation. Negotiations for a new collective bargaining agreement began on October 15, 1967. Failure to agree on a new contract precipitated a strike by the Guild commencing December 15, 1967. Shortly thereafter the Guild, on behalf of individual employees, demanded dismissal pay and alternative pay benefits under Articles IV and XI of the collective bargaining agreements.

Claiming that the collective bargaining agreement had been terminated due to the strike, Hearst refused payment. It is this refusal to pay that the Guild sought to have arbitrated. However, Arbitrator R. R. Roberts ruled that the grievances filed by the Guild were not arbitrable because of the failure of the Guild to cause the appointment of an arbitrator in a timely manner as required by Article VII of the collective bargaining agreements.

The problem presented to the Court is the extent to which the Court may review the arbitrator's decision. On this point Justice Douglas in United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, at 599, 80 S.Ct. 1358, at 1362, 4 L.Ed.2d 1424 (1960) wrote:

> "[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

In Holly Sugar Corp. v. Distillery, Rectifying, Wine & A. W. I. U., 412 F.2d 899 (9th Cir. 1969), the court stated at 903:

> "Accordingly, while the courts must insure that the arbitrator's award 'draws its essence from the collective bargaining agreement' and that his decision does not 'manifest an infidelity to this obligation,' 363 U.S. at 597 [80 S.Ct. 1358], they must resist 'the temptation to "reason out" a la judges the arbiter's award to see if it passes muster.' Safeway Stores v. American Bakery & Confectionery Workers International Union [5 Cir.], *supra* [390 F.2d 79] at 83. Therefore, if, on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases and the award must be affirmed."

Since the arbitrator based his decision on a procedural point not reaching the merits of the claimed grievances, the decision in John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed. 2d 898 (1964), is most pertinent. That action was brought under a section of the Labor Management Relations Act (LMRA) to compel arbitration under a collective bargaining agreement. The Court held that the arbitrator, not the court, is to decide whether procedural pre-requisites under the collective bargaining agreement have been performed. This case seems controlling here and the defendants so argue.

However, the resolution of the issues here presented cannot be accomplished without considering the companion case of Los Angeles Newspaper Guild, Local 69, etc., et al. v. Hearst Corp. et al., 352 F.Supp. 1382 (C.D.Cal. (1973)), in which the Guild sought relief for Hearst's alleged breach of the collective bargaining agreements by repudiation. That case holds that arbitration under the collective bargaining agreements is the exclusive remedy. To deny arbitration, considering that arbitration is the exclusive remedy, would in effect deprive grievants any opportunity to present anywhere for resolution the merits of their claims.

Hearst steadfastly refused to arbitrate on the ground that the events which gave rise to the grievances occurred after termination of the collective bargaining agreements; their contention was that the Guild's strike in December of 1967 caused a termination of the contractual right to arbitration. Once the arbitrator decided that arbitration was barred on procedural grounds, Hearst changed its tune.

The issue of whether the grievances were in fact properly arbitrable under the collective bargaining agreements has never been resolved. The Guild made a grave error in not bringing a court action to compel arbitration; such an action necessarily would have decided that issue. Then there would be no question as to the validity of the arbitrator's award.

Instead, the Guild chose to prosecute their claims before the State Labor Commissioner. After these efforts proved unsuccessful, despite a finding that the claims were valid, the Guild requested appointment of an arbitrator.

Had the arbitrator decided in favor of the Guild, Hearst, no doubt would have refused to abide by the award claiming that the grievances were not properly arbitrable since the collective bargaining agreement under which they arose had been terminated by the Guild's strike. At that point the issue of whether the grievances were properly arbitrable probably would have been presented to a federal court.

This, of course, did not happen. And, if the Court decides that the arbitrator's award must stand, then Hearst will have had the best of both worlds. On the one hand they argued the matter was not arbitrable under the contract on substantive grounds, while on the other they claim the benefit of the arbitrator's decision that the matter was not arbitrable on procedural grounds.

■■ As earlier indicated, the *Wiley* decision provides the key with which to resolve this matter. At 376 U.S. 556, 557, 84 S.Ct. at 918, the court wrote:

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural,' and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award."

This language suggests that where, as here, the issue is whether a recalcitrant party (Hearst) was bound to arbitrate has not been decided, this Court is not bound by the arbitrator's ruling denying arbitration on procedural grounds. Manifestly, it is for the Court to decide what is or is not properly arbitrable under collective bargaining agreements.

In United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, at

567–568, 80 S.Ct. 1343, at 1346, (1960), the Court stated:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract."

The Court in *Wiley*, 376 U.S. 543, at 547, 84 S.Ct. 909, at 913, also stated:

"The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so *a fortiori*, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all."

■ Since Hearst contended that the subject matter of the underlying dispute was not properly arbitrable, until that issue was resolved either judicially or by mutual agreement, the Guild was precluded from unilateral initiation of arbitration pursuant to Article VII § 3(b) of the collective bargaining agreements. As the language of *Wiley* suggests, the duty to arbitrate is created by contractual agreement. Hearst's position was that it had no duty to arbitrate under the collective bargaining agreements with the Guild. If no contractual duty to arbitrate exists, then provisions for unilateral initiation of arbitration are meaningless. Hearst could not have been forced by the unilateral initiation provisions to arbitrate that which it had no contractual duty to arbitrate.

■ Counsel for the Hearst Corporation, in a hearing before this Court held on October 21, 1971, recognized that:

"First of all, you (the Court) have to find that the basic underlying dispute is arbitrable. That is the duty of the Court." Reporter's Transcript, October 21, 1971, at 88.

It is clear also from the transcript of the arbitration proceedings held on February 3, 1970, that Hearst did ". . . not intend to relinquish [their] right to have this question of arbitrability resolved in any appropriate court tribunal." Arbitration Proceedings' transcript at 7. It is appropriate that this judicial determination be made. Accordingly, the Court finds that the arbitration award has no effect and must be vacated.

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, at 582–583, 80 S.Ct. 1347, at 1353 (1960).

Utilizing this standard and considering the statement of counsel for the Hearst Corporation made October 21, 1971, (Reporter's Transcript at 88) to the effect that the grievances were arbitrable, this Court holds that the Hearst Corporation is compelled, under the collective bargaining agreements, to resolve the grievances in the manner provided by that agreement.

Upon the foregoing,

It is ordered and adjudged that:

(1) The contract between the parties, so far as it provides for amicable settlement or arbitration of disputes, is in full force and effect.

(2) The arbitrator's award be vacated,

(3) The grievances initiated by the Guild, based upon Articles IV and XI of the collective bargaining agreements are properly arbitrable under those agreements; and

(4) The Los Angeles Newspaper Guild and the Hearst Corporation proceed to adjust their dispute as provided in Article VII of their agreements; provided, however,

in the event the parties are unable to reach an amicable settlement as contemplated by sections 1 and 2 of Article VII of their agreement, the parties shall have the right to proceed to have arbitrated the merits of the disputes as provided by section 3 of Article VII of their agreement.