**John A. BELL, Plaintiff,**

v.

**MERCURY FREIGHT LINES, INC.,
et al., Defendants.**

**Civ. A. No. 73–H–1366.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 23, 1975.

Leon S. Hirsch, Houston, Tex., for plaintiff.

Hal K. Gillespie (Mullinax, Wells, Mauzy & Baab, Inc.), Dallas, Tex., for International Brotherhood of Teamsters, Southern Conference of Teamsters.

James P. Wolf (Dixie, Wolf & Hall), Houston, Tex., for Teamsters Freight Tank Line and Automobile Industry Employees Local 988.

Royce R. Till, Houston, Tex. (Fulbright & Crooker), Houston, Tex., for Mercury Freight Lines, Inc.

MEMORANDUM AND ORDER

SEALS, District Judge.

The Court, having considered Defendants' Motions For Summary Judgment, Plaintiff's Brief in Opposition, and the supporting material submitted by the parties, hereby ORDERS:

The Motions are GRANTED.

This is an action by an individual against his former employer, Mercury Freight Lines, Inc., and against unions alleged to have been the Plaintiff's representatives while he was employed by Mercury. Plaintiff is alleging that he was wrongfully discharged from his em-

**2**

ployment, and that the union or unions responsible for representing Plaintiff's interests at a grievance hearing breached its or their legal duty of fair and adequate representation.

All of the Defendants have moved for a Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. The union Defendants have based their Motion on the theory that, as a matter of law, Plaintiff's deposition and Defendants' answers to interrogatories support a finding that the unions did not violate their legal responsibility. Defendant Mercury raises this ground, and also the ground that the decision of which Plaintiff complains is final, binding, and not subject to collateral attack based upon the terms of the collective bargaining agreement.

It is the opinion of this Court, as stated further below, that the documentary evidence in this cause of action is sufficient upon which to base a summary judgment, that the only issues in this cause are legal, not factual, that Defendants' arguments are well founded, and that Defendants are entitled to a judgment as a matter of law.

In moving for a summary judgment, the Defendants have relied principally upon Plaintiff's rather extensive deposition. The Plaintiff, in responding to the motions, has relied principally upon the transcript of the grievance proceedings, however, the facts, as set out by the parties in their respective briefs, are not in material dispute.

Plaintiff was discharged by Mercury on or about July 20, 1972 for abusive conduct toward certain of Mercury's customers whom Plaintiff was serving. Mercury had sent Plaintiff four warning letters that his conduct was unsatisfactory, and that if he persisted in it he would be discharged. He subsequently was discharged, and shortly thereafter invoked the grievance procedures as set forth in the collective bargaining agreement between Mercury and the unions.

Plaintiff, in preparation for the grievance hearing, sought letters of commendation from customers to show that the charges against him were unfounded. Shortly before the grievance proceeding was to take place Plaintiff was advised by certain union officials not to attend the hearing himself as he had a tendency to lose his temper. Plaintiff then chose not to go to the grievance hearing based upon the advice he received and due to an illness shortly before the hearing.

It is Plaintiff's basic allegation that he was not given adequate representation. Plaintiff claims that the union representative at the hearing erred in allowing Mercury to introduce hearsay evidence. Plaintiff claims that the union lacked the "desire and intent to protect Plaintiff's interest . . ." Plaintiff's Brief in Opposition at 2.

Just as the material facts in this cause of action are not in dispute, the state of the law on the question at issue is also not in dispute. As the Supreme Court stated in Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967):

> A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. See Humphrey v. Moore, *supra* [375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370]; Ford Motor Co. v. Huffman, *supra*. [345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048].

Thus, there must be a showing of such a defect in the union's conduct. Plaintiff, in his deposition, has indicated no ill feelings on his part toward the union or its officials, and he agreed with the statement that their advice to him not to attend the hearing was merely an honest mistake. Deposition at 50. Plaintiff did not indicate that the union was acting in bad faith or that it affirmatively sought to represent him in less than an adequate fashion. Rather, the transcript of the hearing indicates that the grievances were aired, Plaintiff was represented, and the resulting decision was merely adverse to him.

In opposing Summary Judgment, Plaintiff cites the holding of the Court of Appeals in Riley-Stabler Construction Co. v. Westinghouse Electric Corp., 396 F.2d 274, 277 (5th Cir. 1968), to the effect that "as a general proposition the issue of good faith is inappropriate for determination by summary judgment procedure." However, while reiterating this principle in a subsequent opinion, the Court of Appeals held:

> [A]fter full opportunity for discovery, this case was submitted on extensive depositions, affidavits and exhibits, and it clearly appears from the rather comprehensive record and the argument of counsel that the issues here are not evidentiary but legal.

> Plaintiff's thrust does not hit subjective mental processes or state of mind, which is so often the situation in bad faith cases. Rather he argues that the undisputed conduct of the union was such as to show a breach of the union's duty of fair representation because of its arbitrary, perfunctory handling of the grievance  . . .

Encina v. Tony Lama Boot Co., 448 F.2d 1264, 1265 (5th Cir. 1971) (citations omitted).

■ It is the opinion of this Court that no substantial issue has been raised as to the nature of the unions' conduct, and that this conduct does not support Plaintiffs' demand for relief. Plaintiff has complained of the adequacy of the representation, not the good faith in which it was undertaken. Plaintiff's brief indicates that, at worst, Plaintiff was unskillfully represented, not that anyone consciously tried to prejudice the proceedings. As Plaintiff states, "the central failure of Defendant Unions at the grievance hearing, was to allow Defendant Mercury's representative to introduce hearsay evidence regarding Plaintiff's prior conduct." Plaintiff's Brief at 2. This Court cannot and should not attempt to oversee the adequacy of union representation by judging with hindsight the tactics used at a grievance hearing. The *Vaca* standard goes to the subjective state of the representation, not the level of expertise with which it was conducted. In ruling on the authority and discretion of a bargaining representative, the United States Supreme Court has held:

> A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.

Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953). Under the undisputed facts of the case at bar as presented by the briefs, the transcript of the grievance hearing, the affidavit, the answers to interrogatories, and the collective bargaining agreement, it is clear that the Defendant Unions did not breach their duty so as to create a cause of action cognizable in federal court. Judgment must and shall be rendered in favor of Defendants.

■ Furthermore, it is the opinion of the Court that Defendant Mercury's alternative ground for summary judgment is also well founded. According to Article 45, Section 1 of the collective bargaining agreement submitted by Defendant Mercury, a grievance committee decision is "final and binding on both parties." It is therefore incumbent upon this Court to recognize the finality of the decision of which Plaintiff is now complaining. Harris v. Chemical Leaman Tank Lines, Inc., 437 F.2d 167, 171 (5th Cir. 1971).

Thus the finality of the decision of the grievance committee coupled with the lack of adequate allegation or substantiation "of a union breach of the duty of fair representation,  . . .  is fatal to [Plaintiff's] Section 301(a) claim." Lomax v. Armstrong Cork Co., 433 F.2d 1277, 1280 (5th Cir. 1970).

The Clerk shall file this Memorandum and Order, and provide all parties with a true copy.