John G. MILOS, Plaintiff,

v.

SPECTOR FREIGHT SYSTEMS,
INC., Defendant.

No. C–78–388–WS.

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Feb. 5, 1979.

William M. Speaks, Jr., of Wilson & Redden, Winston-Salem, N. C., for plaintiff.

William D. Spry, Jr., of Spry & Spry, Winston-Salem, N. C., for defendant.

## MEMORANDUM OPINION

HIRAM H. WARD, District Judge.

This matter came on for hearing before the Court on February 1, 1979, upon defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P., or in the alternative, for summary judgment pursuant to Rule 56, Fed.R.Civ.P.

Plaintiff Milos was employed by the defendant company as a truck driver beginning in July, 1977. On April 24, 1978, he was involved in an accident on the New Jersey turnpike, and the next day he was terminated from his employment. On April 27, 1978, Milos, following the procedures provided in the collective-bargaining agreement, filed a grievance against the defendant, complaining about his discharge and seeking reinstatement.

Plaintiff's grievance was heard by the Bi-State Committee on May 4, 1978. At the hearing, the company argued that his grievance should be denied, and it explained that Milos had been discharged "for recklessness resulting in a serious accident while on duty." Details of the accident were told to the Committee.[1] According to the insurance adjuster's report, the accident was the fault of Milos because "it appears . . . [he] fell asleep at the wheel . . . ."[2] Hearing Transcript, at p. 3. The company also briefly related to the Committee two prior, less serious, accidents which plaintiff had. The union presented Milos' case and read a statement that Milos had made. At the conclusion of the hearing, the Bi-State Committee denied plaintiff's claim for reinstatement.

On June 30, 1978, Milos filed a complaint in superior court in Forsyth County, alleging that defendant Spector Freight Systems, Inc., breached the employment (collective-bargaining) contract by terminating him without just cause. The defendant removed the case to federal court on August 21, 1978, and moved to have the case dismissed. The company claims that Milos is barred from bringing suit due to the finality of the grievance procedures which had previously been followed.

Federal law is to be applied in cases involving a collective-bargaining agreement. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Collective-bargaining agreements generally contain procedures for the settlement of disputes through mutual discussion and arbitration, and Congress has specified that "[f]inal adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes . . ." 29 U.S.C. § 173(d). "That policy can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 566, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1406 (1960). Courts should not undertake to review the merits of arbitration awards, but should instead defer to the tribunal chosen by the parties to finally settle their disputes. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 563, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231, 240 (1976). Otherwise "plenary review by a court of the merits would make meaningless the provisions that the arbitrator's decision is final, for in reality it would almost never be final." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424, 1429 (1960).

---

1. The plaintiff ran into the left rear of a flatbed truck at about 4:45 a. m. on April 24, 1978, causing more than $12,000 damage to the defendant's truck which he was driving and more than $6,000 damage to the truck he hit. Plaintiff's co-driver sustained some personal injuries.

2. The plaintiff had made a statement that he did not know whether he "dozed or not" before hitting the flatbed truck. He did state, however, "I will make a promise to the company and the committee that I will be more careful and if I feel drowsy again, I will park the truck or either wake my co-driver." Transcript of Grievance Hearing, at p. 4, being Exhibit B of D. E. Randolph's Affidavit attached to Motion to Dismiss (filed Aug. 21, 1978) (hereinafter Hearing Transcript).

▄ Therefore, when there arises a dispute which is within the scope of the collective-bargaining agreement, the parties are relegated to the remedies provided in that agreement. *Haynes v. United States Pipe & Foundry Co.,* 362 F.2d 414, 417 (5th Cir. 1966). Where the collective-bargaining agreement provides that the grievance committee's decision is final and binding, then the parties subject to the agreement are precluded from subsequently seeking adjudication in the courts. *Humphrey v. Moore,* 375 U.S. 355, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Lomax v. Armstrong Cork Co.,* 433 F.2d 1277, 1280 (5th Cir. 1970); *Bell v. Mercury Freight Lines, Inc.,* 388 F.Supp. 1, 3 (S.D.Tex.1975); *Donley v. Motor Freight Express, Inc.,* 344 F.Supp. 290 (W.D.Pa. 1972), *aff'd,* 481 F.2d 1398 (3d Cir. 1973); *Alonso v. Kaiser Aluminum & Chemical Corp.,* 345 F.Supp. 1356, 1360 (S.D.W.Va. 1971). More specifically, if the grievance and arbitration procedure contained in a collective-bargaining agreement is the employee's exclusive remedy concerning a particular dispute, then the decision with regard to that dispute reached through the arbitration procedure is final and binding on the employee. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Hardee v. North Carolina Allstate Services, Inc.,* 537 F.2d 1255, 1258 (4th Cir. 1976); *Otero v. International Union,* 474 F.2d 3 (9th Cir. 1973); *Frame v. B. F. Goodrich Co.,* 453 F.Supp. 63 (E.D.Pa. 1978); *Mitchell v. Hercules Incorporated,* 410 F.Supp. 560, 569 (S.D.Ga.1976); *Whitmore v. Eastern Greyhound Lines,* 383 F.Supp. 46 (E.D.Mich.1973); *Los Angeles Newspaper Guild v. Hearst Corp.,* 352 F.Supp. 1382 (C.D.Cal.1973), *aff'd,* 504 F.2d 636 (9th Cir. 1974).

An exception to this finality rule is where the union has breached its duty of fair representation in its handling of the grievance. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hardee v. North Carolina Allstate Services, Inc.,* 537 F.2d 1255 (4th Cir. 1976). However, the plaintiff has not alleged in his complaint any breach by the union of its duty of fair representation,[3] and hence the exception is inapplicable.[4]

▄ During his employment, Milos and Spector Freight Systems, Inc., were subject to the Carolina Freight Council Over-the-Road Supplemental Agreement to the National Master Freight Agreement (hereinafter Agreement). The Agreement established a "Grievance Machinery" and provided that when the Bi-State Committee settled a dispute through the arbitration procedure, such decision by the Committee "will be final and binding." Article 44, § 1 of the Agreement. It also provides that "[a]ppeal from discharge must be taken within ten . . . days by written notice to the Employer and filed with the Carolina Bi-State Committee," and if not resolved, the discharge grievance is to be heard by the Committee. Article 45 of the Agreement. After his termination, the plaintiff properly submitted a grievance concerning his discharge to the Bi-State Committee. Because the Agreement established the grievance procedure as an employee's exclusive remedy, and because the Agreement expressly made the Committee's decision to be final and binding, the plaintiff is precluded from maintaining his breach-of-contract suit in this Court.[5] *See*

**3.** At the hearing, Milos was asked by a Committee member "Do you feel that the local union has properly represented you in this case?" He responded, "Yes sir." Hearing Transcript, at p. 6.

**4.** Other exceptions, also not applicable here, are where the employer's conduct amounts to a repudiation of the contractual grievance procedures, *Vaca v. Sipes, supra,* 386 U.S. at 185, 87 S.Ct. at 914, 17 L.Ed.2d at 855, and where the Grievance Committee exceeds its power under

the contract. *Humphrey v. Moore,* 375 U.S. 335, 351, 84 S.Ct. 363, 372, 11 L.Ed.2d 370, 382 (1964).

**5.** The Court disagrees with plaintiff's argument that the grievance provisions of the Agreement are not binding on him because only the "Employer" and the "Union" are mentioned, and the word "employee" is not used. A union is the representative of its members in the collective-bargaining process, *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842, 850

*Lomax v. Armstrong Cork Co.,* 433 F.2d 1277 (5th Cir. 1970); *Miller v. Spector Freight Systems, Inc.,* 366 F.2d 92 (1st Cir. 1966); *Smart v. Ellis Trucking Co.,* 409 F.Supp. 129 (E.D.Mich.1976); *Bell v. Mercury Freight Lines, Inc.,* 388 F.Supp. 1 (S.D. Tex.1975); *Rushton v. Howard Sober, Inc.,* 198 F.Supp. 337 (W.D.Mich.1961).

The concluding statement of the court in *Haynes v. United States Pipe & Foundry Co.,* 362 F.2d 414, 418 (5th Cir. 1966), is appropriate here:

> Appellant does not contend that the union did not faithfully represent him . . . [nor does he] charge fraud on the part of either the company or the union. This is a run-of-the-[mill] . . case where the grievance procedure was followed and the adverse decision against appellant became final. Being dissatisfied, he sought to start anew in the face of the bar of the final decision under the grievance procedure. This he may not do under the current status of federal labor law . . . .

Therefore, defendant's motion for summary judgment pursuant to Rule 56, Fed.R. Civ.P., will be granted, and a judgment will be entered accordingly.

---

(1967), and the grievance machinery is established in part for the benefit of the union and its members. Milos *was* subject to the grievance provisions. *See Rushton v. Howard Sober, Inc.,* 198 F.Supp. 337 (W.D.Mich.1961).